## G. B. GOIN, Appellant, v. W. C. HESS.

**Land Sale Commissions.** One employed to sell land at an agreed price and receive in part payment land of a certain character within a specified locality, cannot recover commissions where the owner refuses to consummate the trade, if the contract of employment provided that the sale should be subject to the owner's approval.

OTHER AGENTS. Evidence that a third person was authorized to act for defendant in effecting a sale of land is admissible in an action against him for commissions in procuring the sale, where there is evidence that such third person had done some of the work in connection with the sale—and not otherwise.

EVIDENCE. Evidence as to the quality and value of defendant's farm is inadmissible in an action for commissions in finding a purchaser for the land, at a specified price per acre fixed by defendant.

*Same.* Evidence of the value of the land at the time of the trial is inadmissible, in the absence of evidence that the value had not changed since the time of the transactions in regard thereto, for which suit is brought.

**Instructions: NUMBERING.** The court should number the paragraphs of the charge. Whether failure so to do is ground for new trial, is not decided.

*Appeal from Crawford District Court.*—HON. C. D. GOLDSMITH, Judge.

THURSDAY, MAY 13, 1897.

ACTION at law to recover for services alleged to have been rendered by the plaintiff in finding a purchaser

for land. There was a trial by jury, and a verdict and judgment for the defendant. The plaintiff appeals.— *Reversed.*

*Shaw & Kuehnle* for appellant.

*J. P. Conner* for appellee.

Robinson, J.—The petition contains two counts, although recovery is sought upon but one. The first count alleges that the defendant employed the plaintiff, by verbal agreement, to sell or trade three hundred and sixty acres of land described, which were owned by the defendant, at the price of thirty-five dollars per acre; that the defendant agreed to take in part payment for his land one hundred and sixty acres of good land lying anywhere within four or five miles of Charter Oak, in Crawford county, which was reasonably worth thirty-five dollars per acre, and would rent for from two dollars and fifty cents to two dollars and seventy-five cents per acre per annum, and the remainder of the price of his land, after deducting incumbrances, was to be secured by mortgage bearing seven per cent. interest, and that for making such a sale or exchange the defendant agreed to pay the plaintiff a commission of two hundred dollars. The count further alleges that the plaintiff made a trade of the land of the defendant, on the terms authorized, with one Anton Jobgen, who was to give one hundred and sixty acres which he owned, within three miles of Charter Oak, in part payment for the land of the defendant; that the defendant was satisfied with the Jobgen land, but refused to carry out the trade on his part, and refused to pay the plaintiff his commission. The second count seeks a recovery on the same transaction for the reasonable value of the services alleged to have been rendered by the plaintiff. The answer

of the defendant contains a general denial; admits that the defendant had some talk with the plaintiff about trading the farm of the defendant for another, but avers that the farm for which the defendant would trade was to be good, smooth level land, free from liens, and satisfactory to him; that he was not satisfied with the Jobgen farm; that it was incumbered to the amount of one thousand two hundred dollars; and that he never consented to trade for it.

I. The defendant was permitted to show by several witnesses the improvements upon his farm, and its quality and value. The plaintiff interposed timely objections to evidence of that character, but they were overruled. In so ruling the district court erred. The quality and value of the defendant's farm were not in issue, and the testimony received to show what they were, was wholly immaterial. The plaintiff alleges in his petition, and testifies as a witness, that the price which the defendant fixed for his land was thirty-five dollars per acre; and the defendant did not, as a witness, deny that such was a fact. The testimony in question did not relate to any controversy involved in the case, and its natural and probable effect was to confuse and mislead the jury. The cases of *Paddleford v. Cook*, 74 Iowa, 434 (38 N. W. Rep. 137), and *Johnson v. Harder*, 45 Iowa, 677, cited by the appellee, differ from this case, in that each of them involved a dispute respecting the consideration agreed upon for property sold. No question in regard to the price of the defendant's farm is involved in this case. The appellant also justly complains that a witness was permitted to testify as to the value of the Jobgen land at the time of the trial. The testimony of values should have been confined to the time of the transactions in controversy, or it should have been shown that they had not changed.

II. The appellant complains of rulings of the court which permitted the defendant to show that he had employed several agents for the sale of the land, and what he agreed to pay them for finding a purchaser. There was evidence which tended to show that a man named Drake had done some work to effect the trade with Jobgen, and it was proper to show, if it could have been done, that the contract which the plaintiff claims to have made with Jobgen was the result, in whole or in part, of services rendered by Drake. Hence it was proper to show that he was authorized to act for the defendant in effecting a sale. But it was not proper to show that the defendant had employed agents who were not concerned in what was done, and the compensation he had agreed to pay them was wholly immaterial.

III. The plaintiff asked the court to instruct the jury as follows: "If you find from the evidence that the defendant agreed with the plaintiff to pay him a commission of $200 for finding a purchaser for his farm at an agreed price, and offered to accept as part payment a farm of a certain character, and within a certain radius of the town of Charter Oak, Iowa, and should you find that the Jobgen farm fulfills the requirements of that offer and proposition, then you should find for the plaintiff, notwithstanding the defendant refused to consummate the trade." The contract of sale which the petition alleges that the plaintiff was authorized to make did not require the approval of the defendant, but both the plaintiff and the defendant testified that the sale was to be subject to the approval of the latter, and the contract made with Jobgen provided for such approval. The instruction asked was therefore properly refused.

IV. The third instruction asked by the plaintiff and refused by the court stated, in substance and effect, that a formal approval of the contract was not

required, but that, if the defendant was so far satisfied with the Jobgen land that he was willing to make an exchange of farms upon the terms and conditions arranged by the plaintiff, there should be a verdict for the plaintiff. This instruction was correct, as applied to the issues presented by the pleadings and some of the evidence in the case, but it was properly refused because of the testimony to which we have already referred, that the contract was to be approved by the defendant before it became effectual.

V. The court failed to number the paragraphs of its charge to the jury. They should have been numbered, because section 2788 of the Code requires it, and to enable a ready reference to different portions of the charge. Whether the failure to comply with the statute was a sufficient ground for a new trial, we do not find it necessary to decide.

VI. Other questions presented in argument are disposed of by what we have already said, or are not likely to arise on another trial. For reasons shown, the judgment of the district court is REVERSED.