WILLIAM L. JOHNSON v. THE CITY OF SIOUX CITY, Appellant.

Evidence: NEGLIGENCE:  *Weight.*  In an action for injuries received from a fall into a cut in a street by reason of the failure to maintain a guard rail, evidence as to buggy tracks at the place of the accident, observed ten days after the accident, was properly admitted, as the time goes only to weight of the testimony.

RELEVANCY.  Where a street running southeast intercepted another street running north and south, just north of a cut through which the latter ran, in an action for injuries received by falling into the cut by reason of the horse getting out of the traveled track on the east side thereof, while being driven south on the street running north and south, evidence that the horse had been previously driven over the road running southeast. was properly admitted, as tending to show why the horse left. the traveled track.

DUTY AS TO STREETS:  *Instructions.*  Instructions that a city must maintain its streets in a reasonably safe condition for those who travel thereon, and not for those who leave the highway or approach the same from outside the limits, are not objectionable, as requiring the city to keep its street in repair to the whole width thereof.

Review on Appeal.   The supreme court will not disturb a verdict. where the issues were fairly and plainly submitted to the jury, and the evidence supported the same.

Instructions:  *Incorrect paragraphing.*  Under Code, section 3708, providing that the instructions given shall be in consecutively numbered paragraphs, the incorrect enumeration of the instruction does not constitute reversible error, in the absence of proof of any prejudice to appellants.

*Appeal from Woodbury District Court.*—Hon. F. R. Gaynor, Judge.

### Monday, May 20,1901.

Action to recover for personal injuries sustained, as is alleged, by reason of the negligence of the defendant, and without fault or negligence on the part of the plaintiff. Defendant answered, denying that it was negligent as charged, denying that plaintiff was damaged in the sum claimed, and alleging that, whatever injury plaintiff received, he received through his own fault and negligence. Verdict and judgment were rendered in favor of the plaintiff for $3,000. Defendant appeals.—*Affirmed.*

*F. E. Gill* for appellant.

*Argo & Middlekauff* for appellee.

Given, C. J.—I.  Second avenue, in the city of Sioux City, is a much traveled street, running south from the business part of the city, and three miles or more from the center of the city is intersected by Peters avenue. From about this intersection, Second avenue passes south through a cut for several hundred feet; the cut being about 18 feet wide at the bottom, about 24 at the top, and about 18 feet deep at the deepest point. The hill being a gradual rise, it was possible to drive up it for some distance on the east side of the cut. On the night of September 22, 1898—a very dark night—the plaintiff and his brother and brother-in-law were driving south on Second avenue in a single-seated, one-horse buggy. On reaching the north end of the cut, either of its own accord, or from control of the plaintiff, who was driving, the horse left the traveled track on the east side

thereof; and plaintiff, realizing that they were out of the traveled track, stopped the horse and got out of the buggy to search for the traveled track. He passed round the head of the horse and fell over the bank to the road, some 15 feet below, and was so injured as to necessitate amputation of one of his legs. The charges of negligence against the defendant are as follows: "That the said negligence consists in said city making and permitting to be made a deep cut or excavation within the limits of a much traveled public highway, and for a long time suffering and permitting said cut to be and remain without any fence, guard, railing, or other barricade along the side of said cut and excavation to prevent travelers along said highway from falling or driving into the same, and in not placing, keeping, and maintaining lights or other guards or visible objects at and near said cut to notify and warn travelers using due care of the proximity of said place of danger, and in constructing and maintaining said highway too narrow for safety, and not of sufficient width, and in constructing too narrow an entrance to said cut, and in causing and permitting the said entrace to be and to remain on a level with the surface of the ground adjacent to said cut; * * * and the said city of Sioux City was negligent in not erecting and maintaining a fence, railing, guard, light, or other warning at the entrance to said cut, so as to guide and confine plaintiff and other travelers along said highway in the nighttime into the traveled part of said highway at said point."

II. One Johnson was permitted to testify, over defendant's objection, that he saw buggy tracks east of the cut. This was competent, as tending to show where the plaintiff had driven out of the traveled way. The objection seems to be that it was not until 10 days after the accident that witness saw the tracks. He says in one place that it was the second day. The time goes to the weight of the testimony, and in either event it is not so great as to exclude it. A road known as the "Morning Side Road," from the southeast, runs into

Peters avenue near its intersection with Second avenue, and a little east of the north end of the cut. A witness was asked if the horse plaintiff was driving had been kept in Morning Side, and, over defendant's objection, he answered: "That I can't say. He had been drove out there and delivered out to people who wanted him." There was no error in this. The horse had been procured at a livery barn that night, and it was competent to show that the horse had been driven on the Morning Side road, as tending to show why he left the traveled track in Second avenue.

III. Counsel discuss at length and with numerous citations the issues of negligence. We should not consume space to follow these discussions of facts, as to do so will serve no desirable purpose. It is sufficient to say that the questions whether the defendant was negligent as charged, and whether the plaintiff was free from negligence contributing to the injury complained of, were fully, fairly, and plainly submitted to the jury, and that the verdict has such support in the evidence as that we should not disturb it.

IV. Appellant contends that the verdict is contrary to the seventh and fourteenth paragraphs of the instructions. The court instructed that it was the duty of the city to maintain its streets in a reasonably safe condition for those who traveled thereon, "and not for those who leave the highway or approach the road from outside the limits of the public highway." Appellant's contention is that plaintiff had left the highway; but that was disputed, and the jury was warranted in finding that he had not left the limits of the highway. It is said that these instructions do not state the law correctly, for that it is not the duty of the city to keep in repair its streets to the whole width thereof. The instructions are not to the contrary. These instructions refer in part to the charge that defendant was negligent in not fencing along the top of the cut to keep people from falling over—a charge that was practically and

properly eliminated by the seventh instruction. If the defendant was negligent, it was in not putting up some barrier at the entrance to the cut, that would direct those traveling in the dark into it, and prevent them from going unawares up the sides.

V. Appellant complains that the instructions were not numbered as required by section 3708 of the Code. They were plainly paragraphed, but not consecutively numbered. They are consecutively numbered to and including No. 12. Then by oversight the next is numbered 14 instead of 13, and the three that follow are each marked "Par.," but without numbers. Although this requirement has been the law for many years, it does not appear that an omission to number the instructions was thought to be prejudicial. In *Goin v. Hess,* 102 Iowa, 140, the court failed to number the paragraphs of the charge, but we did not determine whether such failure was a sufficient ground for a new trial. When the omission is without prejudice, it is certainly no ground for reversal. Appellant fails to indicate wherein it was prejudiced in the least by this partial failure to number as required.

What we have said fully disposes of all questions raised on defendant's motion for a new trial. Our conclusion is that the judgment is correct.—AFFIRMED.