MICHAEL PAGININI, DEFENDANT IN ERROR, v. NORTH JERSEY STREET RAILWAY COMPANY, PLAINTIFF IN ERROR.

Argued November 11, 1902—Decided February 24, 1903.

It is not negligence *per se* for a motorman to open the gate on the front platform of a trolley car before the car has come to a full stop.

In tort. On error to the Hudson Circuit.

Before GUMMERE, CHIEF JUSTICE, and Justices VAN SYCKEL, FORT and PITNEY.

For the plaintiff in error, *Vredenburgh, Wall & Van Winkle.*

For the defendant in error, *Hudspeth & Puster.*

The opinion of the court was delivered by

FORT, J. The defendant in error had a verdict in the Hudson Circuit for alleged injuries resulting from his being thrown from the front step of a car of the plaintiff in error. The injury resulted while he was alighting from a moving car. His claim was that the car upon which he was had passed the street at which he was expecting to be discharged; that he went forward, because of the crowded condition of the car, to the motorman and asked why he had not stopped; that the motorman made no reply, but proceeded to bring the car to a stop and opened the gate for him to alight; that he then rested one foot upon the step and the other upon the platform, holding the gate with one hand and his violin case with the other; that, thereupon, the motorman, instead of stopping, suddenly put on the power, and he was thrown from the car and injured. This was his testimony. There was a motion to nonsuit, but this, we think, was rightly refused. Another error is assigned upon an exception taken to the refusal of the court to charge the following request of the defendant, as well as to what the court did charge, viz.: "That it was negligence on the part of the plaintiff to step on the front step of this car before it had stopped, and, if that contributed to the accident, he cannot recover."

This is what the court said in charging the jury on this request: "That is true, gentlemen. He could not step upon the front step of the car until after it had stopped, unless somebody opened the gate. He certainly knew whether the motorman opened the gate. If the motorman opened the gate, or anyone in authority upon that car opened the gate, and he stepped down, why, it would be a negligent act upon the part of the company—if the motorman opened the gate it would be a negligent act."

It seems impossible to sustain this charge and uphold the verdict. It cannot be but that the jury received the impres-

sion from this language that, from the mere fact that the motorman opened the gate, there was a negligent act on the part of the defendant company. This conclusion is irresistible when taken in connection with some of the statements previously uttered by the judge in the charge. He had already said: (*a*) "If that is true, gentlemen; if the motorman, before that car came to a stop, opened the gate, then, by his evidence, he violated one of the rules ·of the company, and he was negligent in opening the gate and allowing the man to get off before the car stopped." (*b*) "Did the motorman open that gate and thereby invite the passenger to alight while this car was in motion or did someone else?"

Taking all these statements of the court together, it must appear that what the court told the jury was that it was negligence for the motorman to open the gate; that it amounted· to an invitation for the plaintiff to get off while the car was in motion, and that such negligence was imputable to the defendant company, and that, as a matter of law, the plaintiff being, of course, free from negligence, could recover. We are unable to give assent to this view of the law. It cannot be said as a matter of law that it was negligence, *per se,* for the motorman to open the gate before the car came to a full stop, nor can it be said that the opening of a gate by a motorman while the car is moving is an invitation to a passenger to alight from a moving car. This would no more be true than would the act of a conductor in opening the rear door of the car as it was about to come to a street and stop be an invitation for a passenger to get up and step off the car by the rear platform while the car was still in motion. Passengers take obvious risks. *Coleman* v. *Second Avenue Railroad Co.,* 114 *N. Y.* 609.

. Because a motorman opens a gate before a car comes to a stop, that will not excuse a person in jumping off a car before it comes to a stop. The mere opening of the gate will not raise a presumption of actionable negligence against the defendant company.

·For these errors of the trial court the judgment is reversed and a *venire de novo* awarded.