MARY FARRELL, by JAMES FARRELL, her next friend, Appellee v. THE CITIZEN'S LIGHT AND RAILWAY COMPANY, Appellant.

**Street railways:** PERSONAL INJURY: EVIDENCE: PREJUDICE. In an
1  action for a street car accident the manager of the company had testified that he was on the car at the time, and after giving his version of the circumstances which tended to show no liability on the part of the company was permitted to state on cross-examination, that he had frequently seen similar accidents at other times. Held without prejudice although the evidence might properly have been excluded as irrelevant.

**Street car passengers:** ALIGHTING: NEGLIGENCE: INSTRUCTION. Al-
2  though a street car passenger accepts a transfer slip to another line, justifying an assumption of intention to remain until such line is reached, still the right to sooner alight from a car exists; and if, when the car stops at an intermediate point for passengers to alight such passenger arises from the seat and signals, or by reasonable conduct indicates a desire to leave the car, it is the duty of the conductor to give reasonable time to make the exit, even though he had already waited for passengers to alight; and when in dispute, the questions whether such purpose was indicated, or reasonable time for alighting was given, or whether the passenger waited until the car started before attempting to alight, are for the jury.

**Instructions:** MODIFICATION: SUBMISSION BY REQUEST: PREJUDICE.
3  Submission of a requested instruction after modification by the court, as having been asked by one of the parties, is not prejudicial, where the instruction correctly states the law and the modification simply defines the limitation of the rule to prevent misapprehension of its force and application.

**New trial.** Newly discovered evidence which is merely cumula-
4  tive in character will not require the granting of a new trial.

*Appeal from Muscatine District Court.*— HON. D. V. JACK-SON, Judge.

SATURDAY, FEBRUARY 15, 1908.

ACTION to recover damage for personal injuries.    Verdict and judgment for plaintiff, and defendant appeals.— *Affirmed.*

*E. M. Warner,* for appellant.

*Jayne & Hoffman,* for appellee.

WEAVER, J.— The defendant company operates a street railway in the city of Muscatine, Iowa, and at the time in question plaintiff was a girl of sixteen years of age, residing with her father, and attending school in that city.    According to her testimony, which is corroborated in most respects by other witnesses, she boarded one of the defendant's cars to ride to a convenient point near the school in which she was a student.    The car was of a kind used in warm weather, having a footboard or step running along the side, from which step direct access could be had to the seats which were set at right angles with the length of the car.    On arriving at the place where she wished to alight, the car stopped, but as others were getting off at the same time, and direct egress was blocked, plaintiff went around to the rear of the seat she had occupied, and out upon the footboard at that opening.    Just as she was stepping from the footboard to the ground the car was started, throwing her down, and wrenching and injuring her knee quite severely.    On the part of the defendant it is contended, and there is evidence to the effect, that plaintiff was not at first intending to leave the car at this corner, but to continue her ride to another crossing, and in pursuance of such purpose she had requested and received a transfer permitting her to ride upon another line, the junction with which had not yet been reached.    There is also evidence tending to show that when the car stopped at the place of the accident plaintiff did not arise or manifest any intention to leave the car until after it began to move forward, when she hastily stepped out upon the footboard, and thence to the ground, without

notifying the conductor of her purpose so to do or requesting him to stop the car for her accommodation. The issue of fact thus raised was so clearly one for the jury that counsel's argument is chiefly devoted to the consideration of errors alleged to have been committed by the trial court in its rulings on the admission of evidence and in giving and refusing instructions to the jury.

I.   The manager of the defendant company testified that he was on the car at the time of the accident, and, having given his version of the circumstances, was asked,

1. STREET RAIL-WAYS: personal injury: evidence: prejudice.

on cross-examination, if he had seen such accidents at any other time, and, on answering that he had witnessed several of them, was further asked how often such things had occurred, and he responded that they were of frequent occurrence. This examination was allowed over defendant's objection, and the ruling is assigned as error. While the matter might have been properly excluded as irrelevant, there was no prejudice in its admissions. The witness had testified that plaintiff sprang up from her seat and down the step to the ground after the car had started, and the circumstances as related by him were such as to indicate no negligence whatever on part of the company or its employés. It was such accidents — accidents in which no blame could attach to the company — that he said occurred frequently, and we do not see how such matter could in any way prejudice the defense in the minds of the jury. A somewhat similar record appears in the cross-examination of the motorman in charge of the car when plaintiff was hurt; but, for reasons already stated, we are disposed to hold there was no reversible error.

II.   It is next argued that plaintiff having taken a transfer to another line, the junction with which had not yet been reached, the conductor was justified in assuming that she would remain in the car until such junction was reached, and if, without announcing her change of purpose

or in some manner signifying such change to the conductor,
she attempted to leave the car before such
point was reached, the defendant is not liable
for her injuries if at the time she left
the car it had waited a reasonable time for passengers to
alight, unless the conductor at the time of starting the car
actually saw her in the act of alighting.    Upon this
theory of the law the appellant's counsel prepared an instruc-
tion which he asked to be given to the jury.    This instruc-
tion was modified by the trial court and marked as
" Instruction 1 — given at the request of the defendant."
The modification thus made is indicated by the italicized
words in the quoted paragraph:

2. STREET CAR
PASSENGERS:
alighting:
negligence:
instruction.

1.    Applying for and receiving from the conductor a
transfer to the Mulberry Street line was equivalent to a dec-
laration by the plaintiff to the conductor that she intended
to continue upon the car until it arrived at the passing
switch, and unless the plaintiff, after receiving the transfer,
in some manner communicated to the conductor that she
desired to leave the car at the intersection of Iowa avenue
and Second street, or did something at that point to indicate
that she was about to leave the car, or make some attempt
to do so, he had a right to assume that the plaintiff would
remain upon the car until the passing switch was reached,
and his giving the signal to start the car, after the other
passengers had safely alighted therefrom, was not a negli-
gent act, unless the conductor actually saw the plaintiff in
the act of *starting to alight* or alighting when he gave such
signal, *or should have seen her by the exercise of the high
degree of care required of him, as explained in other instruc-
tions given you, if in fact she did start to alight before such
signal was given by the conductor.*

We are of the opinion that the modification thus made
of the requested instruction was a proper one, and the rule
as there stated is as favorable to the defendant as it was
entitled to demand.    The mere fact that plaintiff had, by
taking a transfer ticket or otherwise, indicated an intention

to ride to the junction did not deprive her of the right common to all other passengers to leave the car at any intermediate stopping place, and if, at the corner in question when the car stopped for the discharge of passengers, she arose from her seat, and by her conduct reasonably indicated her desire and purpose to go out, it was the duty of the conductor in charge of the car to give her reasonable time in which to make her exit. Whether she did thus indicate her purpose; whether reasonable time was in fact allowed; or whether she waited until the car was starting and then stepped out — were matters in dispute which the court properly submitted to the jury.

But counsel say that, even assuming the correctness of the modified instruction as a legal proposition, it was prejudicial error in the court to give it to the jury as an instruc-

8. INSTRUCTIONS: modification: submission by request: prejudice.

tion asked by the defendant, when in fact it had not asked such instruction in its modified form. While, strictly speaking, the requested instruction was not in all respects equivalent to the one which was given, the effect of the modification was simply to define the limitations of the rule stated by the appellant and to prevent any misapprehension by the jury of its proper force and application. It is not entirely clear whether the statute contemplates that the jury shall be informed of the fact that certain instructions given have been requested by a party to the suit. It would seem rather that the provision made for marking and designating such instructions as " given " or " refused " or " modified " is intended simply to preserve a proper record, and not as a matter of information to the jury, and that at most such provisions are directory only, and failure to strictly observe them is not prejudicial error. We have so held concerning an omission to number the consecutive paragraphs of the court's charge. See *Goin v. Hess,* 102 Iowa, 140.

Furthermore, it is to be said in the case now before us that the modified instruction appearing to present a

correct proposition of law applicable to the issue being tried, it would be absurd to rule that either party may be prejudiced thereby whether it was given by request or upon the court's own motion.   It is not at all material that the court point out to the jury just what language has been requested by the party, and what modification the court has made therein.   The material question for us to consider is whether the jury has been given proper instructions, and if so, we think it unnecessary to inquire as to their original conception, or trace the process of their evolution.   Counsel for appellant says " a man ought not to be required to be right unless he wants to be; unless by being wrong he violates a criminal law; but is entitled, if a lawyer, in appealing a. case to the Supreme Court, to go before that tribunal with all his faults upon his head."   That counsel has not been deprived of this inalienable privilege is evident from the fact that he is here insisting upon the erroneous proposition contained in the requested instruction, thus exemplifying his right to be wrong if he insists upon it.   The ultimate inquiry in this court so far as the instructions are concerned is simply whether the jury has been fully and properly directed as to the law of the case submitted for their verdict. Applying that test, we find no error in the record.

III.   The defendant's motion for new trial was grounded in part upon an alleged discovery of new evidence in support of the defense.   The evidence referred to was of a cumulative character, having reference solely to matters of alleged fact concerning which other witnesses had given testimony on the trial, and the court did not err in refusing a new trial thereon.   Counsel have also argued the alleged insufficiency of the evidence to support the verdict.   We shall not attempt to set out the testimony.   If the appellee and several of her corroborating witnesses are to be believed, the defendant's employés were clearly negligent as charged in the petition. Nor is there any showing upon which we can say as a matter

4. New trial.

of law that she was guilty of contributory negligence. It is true that upon each essential proposition there was a conflict of evidence, but the truth of the contention thus raised was for the jury alone, and that issue has been found against the defendant.

There appears to be no ground upon which we may properly order a new trial, and the judgment of the district court is therefore *affirmed.*