ARTHUR FITZGERALD, Appellant, v. DES MOINES CITY RAILWAY COMPANY, Appellee.

**NEGLIGENCE:** Acts Constituting—Opening Street Car Door As Invi-
1   tation to Alight. Evidence that the conductor of a street car called the street, and, at a point very close to the customary place for dis-

charging passengers, opened the exit door, after a stop signal had been given, and after he saw the passenger standing in front of the closed door, presents a jury question on the issue whether the opening of the door was an invitation to the passenger forthwith to alight, even though, unknown to the passenger, the car had not fully stopped.

**NEGLIGENCE:** Contributory Negligence—Alighting From Moving
2  **Street Car.** Alighting from a slowly moving street car is not necessarily negligence *per se.*

**NEGLIGENCE:** Proximate Cause—Concurrent or Intervening Cause.
3  Record reviewed, relative to a passenger's alighting from a moving street car and being almost immediately hit or touched by a passing automobile, and held to present a jury question on the issues whether the injury was caused (1) solely by the operation of the street car, or (2) solely by the operation of the automobile, or (3) by the concurrent movement of both the street car and the automobile.

Headnote 1:  10 C. J. p. 1131.  Headnote 2:  10 C. J. p. 1128.  Headnote 3:  10 C. J. p. 1080.

*Appeal from Polk District Court.*—LESTER L. THOMPSON, Judge.

MARCH 9, 1926.

REHEARING DENIED JUNE 21, 1926.   .

ACTION to recover damages for personal injury sustained by the plaintiff, which was caused at or about the time the plaintiff alighted from a street car belonging to the defendant. The plaintiff came in contact with an automobile, while passing from the street car to the sidewalk. The facts appear in the opinion. The court directed a verdict in behalf of the defendant, and the plaintiff appeals.—*Reversed.*

*C. C. Putnam* and *Guy S. Calkins*, for appellant.

*Corwin R. Bennett*, for appellee.

FAVILLE, J.—On the night of December 5, 1923, appellant was a passenger on a street car belonging to appellee, traveling from Des Moines to Valley Junction. The street car was

1. NEGLIGENCE: acts constituting: opening street car door as invitation to alight.

equipped with double doors at the center in the side of the car. When the car arrived at Valley Junction, appellant signaled at a proper time for the conductor to stop the car at the

intersection of Fifth and Maple Streets. The conductor gave the signal, and appellant left his seat and went to the doors in the center of the car. The doors were directly in front of the station of the conductor, who was facing toward them. The conductor called the street and opened the door. Appellant immediately stepped off the car, while it was still in motion. He did not know it was moving. It was dark at the time. As appellant stepped from the car, he stumbled, and staggered toward the curb. An automobile was approaching, six or eight feet behind the car. The distance between the car track and the curb was twenty-six feet. Appellant went ten or twelve feet, when he was struck by the automobile. He fell to the pavement, and his left leg was broken. The automobile did not strike him with force, but brushed or touched him. It is appellant's contention that the fact that the car was still in motion at the time he stepped to the pavement caused him to lose control of his manner of locomotion, and caused him to stagger toward the curb, and that, while he was endeavoring to secure control of his movements, the on-coming automobile brushed against him, and he fell to the pavement.

The foregoing is a summary of the evidence in behalf of appellant, and, in view of the order of the trial court in directing a verdict, it must, for the purpose of this appeal, be considered as the established facts of the case.

I. One ground of the motion for directed verdict raises the question as to whether or not there was any evidence of negligence on the part of appellee sufficient to take the case to the jury.

Appellant had signaled for the car to stop. To the knowledge of the conductor, he had placed himself in front of the exit doors. He was immediately in front of the conductor, who was facing in the same direction. The doors were opened, to permit appellant to alight. The car was near the regular stopping place for the discharge of passengers.

It is the quite generally recognized rule that, when a passenger upon a street car has passed from the car in safety to the public street, thereafter the street car company owes no affirmative duty to the passenger. Such rule has been recognized by us in *Chesley v. Waterloo, C. F. & N. R. Co.*, 188 Iowa

1004; *Morris v. Omaha & C. B. St. R. Co.,* 193 Iowa 616; *Mathis v. Des Moines City R. Co.,* 196 Iowa 1028. See, also, *Jacobson v. Omaha & C. B. St. R. Co.,* 109 Neb. 356 (191 N. W. 327); *Hammett v. Birmingham R. L. & P. Co.,* 202 Ala. 520 (81 So. 22); *Creamer v. West End St. R. Co.,* 156 Mass. 320 (31 N. E. 391); *Buzby v. Philadelphia Traction Co.,* 126 Pa. St. 559; *Street Railroad v. Boddy,* 105 Tenn. 666 (58 S. W. 646); *Macon R. & L. Co. v. Vining,* 120 Ga. 511 (48 S. E. 232).

The question at this point, however, is as to whether or not appellee was guilty of negligence in so conducting the operation of its car that appellant did not "alight in safety" upon the public street. A high degree of care rests upon the street car company in respect to enabling a passenger to alight from a car in safety. We have applied the rule in cases where a car stops to enable a passenger to alight, and the car is started or jerked while the passenger is in the process of alighting, and injury results therefrom. See *Root v. Des Moines City R. Co.,* 113 Iowa 675; *Lang v. Marshalltown L., P. & R. Co.,* 166 Iowa 548; *Heinze v. Interurban R. Co.,* 139 Iowa 189; *Boice v. Des Moines City R. Co.,* 153 Iowa 472; *Farrell v. Citizen's L. & R. Co.,* 137 Iowa 309; *Walters v. Des Moines City R. Co.,* 191 Iowa 196.

In *Walters v. Des Moines City R. Co.,* supra, the plaintiff was injured on a street car. The plaintiff was about to step from the car, when the car suddenly started, without warning, and the plaintiff was injured. In that case we referred to the fact that the opening of the door was an invitation to the plaintiff to alight from the car, and that, in responding to such invitation, she had released her hold on the railing by which she steadied herself in standing, and had stepped back, and was about to turn to go out, when the car was suddenly started. Whether the opening of the doors, under such circumstances, is an invitation to a passenger to alight, is a question that has never been directly before this court, and was referred to arguendo in the *Walters* case. The precise question, however, has been before other courts under somewhat similar circumstances.

In *Alstead v. Kapper* (Wash.), 236 Pac. 799, the court considered a case where a woman signaled a motor bus to stop.

The night was dark and foggy, and she went to the door and found it open, and felt no motion of the car, and thought it had stopped, and thereupon stepped out. The bus had not come to a complete stop, and she fell to the ground and was injured. The court held that the case presented a jury question, for it to determine whether a passenger on a bus equipped like the one in question, having signaled the car to stop, approaching the point of exit, and there finding the door open, would be justified, under the facts shown, in assuming that it had in fact stopped.

In *Blue Grass Traction Co. v. Skillman* (Ky.), 102 S. W. 809, a passenger was injured in stepping from a car in the night, not being conscious that the car was still in motion. The conductor announced the station, and had opened the door for passengers to alight, and the conductor could see plainly that the passenger was starting to get off. The court held that it was not error to overrule a motion for a directed verdict.

In *Farrell v. Washington Water Power Co.*, 83 Wash. 319 (145 Pac. 442), a passenger on a street car was in a position to alight when the conductor opened the gates while the car was still moving. The passenger, thinking that the car had stopped, started to alight, when the car gave a sudden jerk, and she was thrown to the pavement. On the question of the opening of the door, the court said that whether the opening of a door or gate on a moving vehicle is an invitation to a passenger to alight, is a mixed question of law and fact, to be resolved in the light of all the attendant facts and circumstances; and it was held, under the facts of that case, that:

"It would be going too far to hold that the opening of the door was not an invitation to appellant to pass out of the car, or at least step down into the vestibule."

In *Tillery v. Harvey* (Mo. App.), 214 S. W. 246, it is said:

"Plaintiff had a right to rely upon the custom shown in evidence,—that is, for the motorman not to open the exit doors for passengers to alight until the car was brought to a full stop. * * * If the motorman opened the exit doors, his action could not have been construed in any other light than as a direction for passengers to alight then and there. Plaintiff, in the absence of anything to the contrary, had a right to conclude that

the car had stopped for the purpose of permitting him to alight at that place.''

In *Elwood v. Connecticut R. & L. Co.*, 77 Conn. 145 (58 Atl. 751), the plaintiff was a passenger on a car; and, as the car neared the terminus of the road, and was moving slowly, the conductor called the stopping point, and left the platform, and began putting up the rear fender of the car. The plaintiff, believing from the conductor's call and conduct and the appearance of the car that it had fully stopped, went to the rear platform, and stepped off at right angles. The car was, in fact, moving slowly, and the momentum caused the plaintiff to fall and be injured. The court said:

''Whether the acts and conduct of the conductor amounted to an invitation to the plaintiff to get out of the car when she did, was, in this case, rather a question of fact than of law.''

In *Duffield v. Payne*, 66 Cal. App. 767 (227 Pac. 217), the cases are reviewed, and the court said:

''When the brakeman, knowing that Duffield [plaintiff] was standing with his hand on the guard rail, ready to go down the steps to alight, opened the vestibule doors, and then turned and walked back to the vestibule of the next car, it was most natural for Duffield, if he believed that the train had stopped, to interpret the acts of the brakeman as an invitation to alight.''

In a number of cases involving steam railroads, it has been held that the calling of a station and the fastening back of a car door while a railway train is in motion, is not an invitation to one to alight from the moving train. *England v. Boston & M. R. Co.*, 153 Mass. 490 (27 N. E. 1); *Crowley v. Boston Elevated R. Co.*, 204 Mass. 241 (90 N. E. 532).

In some cases the same rule has been applied to street cars. See *Paginini v. North Jersey St. R. Co.*, 69 N. J. Law 60 (54 Atl. 218); *Busack v. Chicago City R. Co.*, 283 Ill. 117 (118 N. E. 1041); *Hooker v. Blair*, 189 Mich. 278 (155 N. W. 364), and cases cited.

It is obvious that no hard and fast rule can be laid down. The cases are in conflict. The fact that the door on a street car or on a vestibule of a railway train may be open does not necessarily constitute an invitation, under any and all circumstances, for a passenger to alight from the car. The door

may be open and the train may be at a place where it is obvious that the door is not open for the purpose of permitting a passenger to alight. In the case at bar, the passenger had signaled for the car to be stopped, and the car was at or near the destination of the passenger, and was moving slowly; the passenger had stepped in front of the door for the purpose of alighting; and the conductor who controlled the doors saw the passenger immediately in front of him in this position, and, in accordance with an established custom known to the passenger, opened the door directly in front of him. It was a question for the jury to determine whether or not, under such circumstances, opening the doors constituted an invitation on the part of the employee of the street car company for the passenger to alight from the car at that time. The sole question we are deciding at this point is that, under the evidence in the case, which we must construe most favorably to appellant, in view of the directed verdict, it was for the jury to determine whether the opening of the car doors at the time and under the circumstances constituted an invitation on the part of the appellee for appellant to alight, and was a negligent act on the part of appellee. The court, therefore, was in error in directing a verdict in behalf of appellee on this ground.

II. Another ground of the motion for a directed verdict was that appellant was guilty of contributory negligence as a matter of law. It is not true, as a matter of law, that in all

2. NEGLIGENCE: contributory negligence: alighting from moving street car.

cases a passenger is guilty of negligence in attempting to alight from a slowly moving street car. Whether or not the passenger is guilty of negligence in so attempting to alight depends upon the peculiar circumstances of each case, and is ordinarily a fact question, to be determined by the jury, in the light of all of the circumstances of the particular case. In *Root v. Des Moines City R. Co.*, supra, we said:

"But it seems to be settled by the great weight of authority that to alight from a slowly moving street car, as is safely done by thousands every day, is not negligence *per se*."

Cases are cited to support the pronouncement.

In *Beringer v. Dubuque St. R. Co.*, 118 Iowa 135, we referred to the statement in the *Root* case, "that it is not negli-

gence, as a matter of law, for one to attempt to leave a street car while in motion."

The same rule is recognized, by dictum, in *Lang v. Marshalltown L., P. & R. Co.*, supra.

This general rule has been recognized by the courts of last resort in at least twenty-eight states of the Union. For a collection of the authorities, see 10 Corpus Juris 1128.

We have already sufficiently reviewed the facts of the case. We hold that, under such a state of facts, the question of whether or not appellant was guilty of contributory negligence in attempting to alight from the slowly moving car, under all the facts and circumstances, as shown by the record, was for the determination of the jury.

III. It is appellee's contention that the injury to appellant was not caused by any negligence on the part of appellee, but was due wholly to an independent cause, to wit, the fact that appellant was struck by an automobile. This was one ground of the motion.

There is no evidence that the automobile ran upon or over appellant, or that it threw him to the pavement. Appellant's contention is that the movement of the street car, as he stepped therefrom, gave such a momentum to his steps that he stumbled and staggered toward the curb, and that the automobile merely touched him, or "brushed" him, on his right side. His left leg was broken by his fall on the pavement.

There can be no question, as a matter of law, that, if the injury to appellant resulted solely from coming in contact with the automobile, appellee could not be held liable for such resulting injury. A street car company owes no duty to a passenger after the passenger has alighted in safety from the street car, at a safe place upon the street. The relation of carrier and passenger ceases when the passenger has safely alighted from the street car at a proper place. If, having once so alighted, the passenger is injured by a vehicle upon the street, the street car company cannot be held liable therefor. Nor can the street car company be held liable for stopping its car for the purpose of permitting a passenger to alight at a place where there are approaching automobiles on the street in the rear of

3. NEGLIGENCE: proximate cause: concurrent or intervening cause.

the car. "A safe place to alight" does not mean a place where there are no approaching automobiles upon the street. Were such a rule adopted, it would be quite impossible to stop at any place, under ordinary traffic conditions in our cities. The statute, Section 5037, Code of 1924, places the duty upon the driver of an automobile to stop not less than five feet from the rear of the street car that is receiving and discharging passengers.

The question at this point is whether the jury could have found from the evidence that the negligence of appellee, as claimed by appellant, was the sole cause of the injury to appellant, or was a contributing and concurring cause to such injury.

In this particular case, three inquiries present themselves for consideration: First, was appellant injured solely by reason of the claimed negligence of appellee in the manner in which the street car was operated at the time appellant alighted therefrom; or, to put it another way, was appellant injured solely by reason of the momentum given his body as he moved from the street car, so that, for this cause and it alone, he fell to the pavement and received the injury complained of? Second, was the sole cause of the injury to appellant the coming in contact with the automobile? Third, did the movement of the street car at the time appellant alighted concur with the action of the automobile in causing the injury to appellant, or, in other words, did his stumbling and staggering, caused by the movement of the street car, together with the impact of the automobile, concur and contribute together to produce the resulting injury?

If the jury found, from all of the facts and circumstances surrounding the transaction, that the injury to appellant resulted solely from the alleged negligent act of appellee in the movement of the car at the time appellant alighted, appellant would be entitled to recover. If the jury found from the facts and circumstances that the injury resulted solely from appellant's coming in contact with the automobile, then there could be no recovery as against appellee. If the jury found that the alleged negligence of appellee caused appellant to be in a situation in regard to the control of his movements so that he was unable, by the use of reasonable care, to avoid the on-coming automobile, and that said situation, together with the impact

with the automobile, concurred and contributed simultaneously in bringing about the injury to appellant, then appellee would be liable for the injury to which its negligence so contributed.

The case is not so clear, under its proven facts, that the court was justified in holding, as a matter of law, that appellee was not liable for the injury.

Upon the whole case, we are constrained to hold that appellant was entitled to go to the jury, under proper instructions, for a determination of the fact questions involved, and that the trial court erred in sustaining appellee's motion for a directed verdict. The judgment of the district court must, therefore, be, and it is,—*Reversed.*

DE GRAFF, C. J., and STEVENS and VERMILION, JJ., concur.