J. H. KIRCHER, Appellee, v. THE INCORPORATED TOWN OF LARCHWOOD, Appellant.

**Streets: EVIDENCE OF.** In an action for injuries sustained by 1 reason of a defective sidewalk, it is sufficient to show that the way had been used by the town for many years as a public thoroughfare and that the town had assumed and exercised control over it, to fix its character as a public street.

**Pain and Suffering: PLEADINGS: EVIDENCE.** In an action for an 2 injury caused by a defective sidewalk, the plaintiff, under a general allegation that by reason of the injury he suffered great bodily pain, may show that his kidneys had become somewhat affected by his confinement.

**Special Damages.** Special damages are such as do not ordinarily 3. result from a given cause, and to be recovered must be pleaded.

**Evidence: APPLICATION OF: INSTRUCTION.** Where evidence is admissible 4 for a certain purpose, the fact that the court in the absence of a request does not limit its application by an instruction, is not prejudicial error.

**Permanent Disability: EVIDENCE: INSTRUCTION.** In an action for 5 injuries arising from a defective sidewalk, the plaintiff alleged that the injuries were permanent and was permitted to show his expectancy of life on the statement of counsel that no claim for permanent injury was made but that the evidence was offered to show that plaintiff would probably outlive his disabled condition. *Held,* error to submit the question of plaintiff's permanent disability, and that the error was not waived by failure to request an instruction.

*Appeal from Lyon District Court.*—Hon. Wm. Hutchinson, Judge.

Friday, May 22, 1903.

Action for damages on account of a personal injury occasioned, as alleged, by a defective sidewalk. There was a jury trial, verdict and judgment in favor of plaintiff, and defendant appeals.—*Reversed.*

*E. Y. Greenleaf* for appellant.

*Parsons & Riniker* for appellee.

Bishop, C. J.—To prove that the way upon which the sidewalk in question was located was a public street, the plaintiff offered in evidence the county records showing the location of a county road along the line of such street as alleged; also the oral testimony of several long-time residents of the town to the effect that the way had been open, worked, and used as a public street for many years. This evidence was objected to by the defendant, and it seems to be the contention of counsel that, because the existence of the street was denied in the answer, the plaintiff was bound to prove the fact in all strictness,—even as the town might be bound to prove the same to establish authority over or title thereto. We do not understand that this is required. It is true that, to hold the defendant liable, it must be made to appear that the accident complained of happened upon a public street or highway within the corporate limits of the town. But it need not appear that all the formalities incident to laying out a street or highway, or incident to the dedication and acceptance thereof, have been complied with according to the letter and spirit of the law relating to such subjects. It is enough if it appears that the stretch of ground was open, and used as a street, and that the

1. Streets; evidence of.

town had recognized it as such, and had assumed and exercised control over the same. The right of the town so to do might be defeated in a proceeding brought for that purpose; but while it continues to hold out the way as a public thoroughfare, it cannot escape liability because forsooth its right so to do is an imperfect one, or, for that matter, having no tangible support in point of fact. *Shannon v. Iama City*, 74 Iowa, 23. The record here shows that the way had been used as a county road before the town was incorporated, and that it was thereafter used generally as a street; that for years the town had exercised control over the same, and the sidewalks located thereon. Such being the facts, the trial court committed no error by receiving the evidence offered, and by holding that for the purposes of this action the existence of a public street was sufficiently shown, and might be accepted by the jury as a fact established in the case. The cases cited and relied upon by counsel for appellant, notably the case of *McBurney v. Graves*, 66 Iowa, 314, are not in point. n each of such cases the right of the public to use the way as a street or highway by reason of a legal establishment thereof according to law was directly the subject of the issue.

II. The injury of which plaintiff complains in his petition is that in the fall occasioned by the defective sidewalk his right leg was broken. As a witness plaintiff

2. PAIN and suffering: pleading: evidence. testified that his previous health had been good; also that as a result of the accident he was confined to the house for a period of eight weeks. Thereupon he was allowed to testify, over the objection of defendant, that his kidneys had become somewhat affected by the inactivity incident to his confinement. This is complained of as error. It is the contention of counsel for appellant that no such injury, or of damage flowing therefrom, is alleged in the petition, and that, therefore, proof of the same was improperly admitted. Pre-

vious to the admission of the testimony thus complained
of the physician who had attended plaintiff was permitted
to testify without objection that a temporary derangement
of the kidneys frequently resulted from the confinement
due to a broken leg. The testimony of the plaintiff, of which
complaint is made, amounted to nothing more nor less
than that such temporary derangement had obtained in
his case.   It may be said, therefore, that it was one of the
attending results directly occasioned by the accident, and
which simply augmented the inconvenience and suffering
plaintiff was called upon to endure.   Such being the con-
ditions presented, we think the evidence was properly
admitted.   The averment of the petition is that by reason
of the injury to his leg plaintiff endured great pain and
bodily suffering.   This is a broad allegation, and we see
no reason for confining the proof under it to the pain
suffered at the immediate point of the break in the bone
of the leg.   On the other hand, we think that any bodily
disorder giving rise to pain and suffering or physical
inconvenience, which can be directly traced to the primary
injury as a natural, proximate, and general result thereof,
is competent evidence to go to the jury under the issue as
here tendered by plaintiff.   That pain and suffering consti-
tute an element of compensatory damages has never been
doubted, and such need not be specially alleged.   *Reddin
v. Gates*, 52 Iowa, 210; *Gronan v. Kukkuck*, 59 Iowa, 18.
It would be going too far, as we think, and altogether un-
necessary, to require plaintiff to allege in detail the name
of each organ or part of the body to which the pain and
suffering proceeding primarily from the broken leg ex-
tended, and, as related to each, the extent of such pain
and suffering.   It is true, as contended for by appellant,
that special damages cannot be recovered unless specially
alleged.   But it would amount to a perversive use of terms
to say that damages can be classed as special which ordin-
arily, although perhaps not inevitably, follow from a given

cause. Special damages are such as do not ordinarily or generally result from a given cause. They are extraordinary in character in the sense that they follow as the

**3. Special damages.** natural result of the intervention of some condition or circumstance out of the ordinary, and therefore not generally to be expected. Where damages so resulting are sought to be recovered, they should be specially pleaded. ·Such is the holding of the cases cited and relied upon by counsel for appellant.

III. The injury complained of was caused .by the slipping or giving way of a loose and broken board in the sidewalk.' As a witness upon the stand, plaintiff was

**4. Evidence: application of: instruction.** allowed to testify, over the objection of defendant, in respect to the condition of the walk for twenty or thirty feet distant on each side of the point where the accident is alleged to have occurred. Such evidence was competent as bearing upon the question of knowledge on the part of defendant of the condition of the walk at the point of the accident. *Armstrong v. Ackley*, 71 Iowa, 76; *McConnell v. Osage*, 80 Iowa, 293; *Smith v. Des Moines*, 84 Iowa, 685. But it was competent for no other purpose. The evidence was admitted generally, and the court did not at the time or thereafter in any way direct the jury respecting the purpose for which the same was admitted, or limit the application thereof to the question to which alone it was relevant. This should have been done had a request been made therefor. · But, no such request having been made, and the evidence being competent for one purpose, the appellant is in no 'position to complain.

· IV. It is alleged in the petition that the injuries sustained by plaintiff are permanent in character. During the trial plaintiff offered in evidence the American Life

**5. Permanent disability: evidence: instruction.** Tables, showing his expectancy of life to be about thirty years. Such offer was objected to by defendant on the ground that there was

no proof that the injury complained of was permanent in character. Thereupon counsel for plaintiff stated to the court, in substance, that no claim was made that the proof showed a permanent injury; that the testimony did disclose, however, that the disability of plaintiff would continue for some time yet to come, and that the table was offered for the sole purpose of proving that he would probably live beyond such period of disability. Thereupon the objection was overruled, and the evidence admitted. Of this, considered by itself, we think defendant has no reasonable grounds for complaint. But thereby counsel for defendant was led to believe that no question of permanent disability would be submitted to the jury, and it is fair to presume that in presenting his evidence and argument no attention was paid to the issue of permanent disability as made by the pleadings. It appears, however, that in the statement of the case and in the nineteenth instruction the court directly submitted the question of permanency of the injury to the jury for their consideration and verdict. Such, we assume, was the result of oversight, but that it was prejudicial error is too plain for argument. And it is no answer to say that counsel for defendant should have requested an instruction upon the subject. Under the circumstances he could not well be held to expect that such issue would be submitted to the jury.

V.  We think that the requests made for instructions, as far as they correctly state propositions of law applicable to the case, were embodied in the charge of the court. There was no error, therefore, in refusing the same. Other errors assigned need not be noticed, as the questions involved are not likely to again arise upon a retrial of the case.

For the error pointed out in the fourth subdivision of this opinion, the judgment is reversed, and the cause remanded for a new trial.—Reversed.