MARIA L. WILSON v. CITY OF CEDAR RAPIDS, Appellant.

**Municipal Corporations:** DEFECTIVE WALKS: EVIDENCE. A notice to a lot owner to construct a permanent sidewalk is admissible in an action against the city. for damages growing out of an injury at that place, as tending to show knowledge on the part of the city of the condition of the walk.

*Appeal from Linn District Court.*—HON. WILLIAM G. THOMPSON, Judge.

FRIDAY, JANUARY 22, 1904.

ACTION to recover damages for personal injuries received from a fall on the sidewalk alleged to have been defective. Verdict and judgment for plaintiff. Defendant appeals.—*Affirmed.*

*J. N. Hughes* for appellant.

*Crissman & Trewin* for appellee.

LADD, J.—But two assignments of error are argued, one of which is disposed of by *Kircher v. Larchwood,* 120 Iowa, 578 and like decisions. The other questions the cor-

· rectness of the ruling by which a notice requiring the owner
of the lot in front of which the accident occurred to construct
a permanent sidewalk in place of the plank walk was re-
ceived in evidence.  This was signed by the sidewalk inspec-
tor and by the street commissioner, and served September 3,
1901, a little more · than two months before the accident.
How this came to be done, does not appear.  In the absence
of any showing to the contrary, it is to be inferred therefrom
that the walk had received some attention from these officers.
Of course, the service of the notice was not an admission
that the walk was out of repair, but it did tend to show knowl-
edge of its actual condition on the part of the city.  Other
evidence indicated that it was then out of repair.  Had the
city ordered permanent walks along several blocks, including
that containing this lot, as suggested by appellant, a differ- ·
ent question would have been presented.  The notice related
to that in front of the one lot only, and the record is silent
as to such a walk in front of any other.  Doubtless these
officers, as is contended, are to be presumed to have per-
formed their duty, but we are not called upon to imagine cir-
cumstances such as to preclude the inference that in doing so
they were informed of the conditions with which they dealt.
—AFFIRMED.