## J. H. Kircher v. Incorporated Town of Larchwood, Appellant.

**Personal injury:** EVIDENCE: PHYSICAL CONDITION OF PLAINTIFF. In a personal injury action it is competent for the plaintiff to show the condition of the injury, and the condition of his health as a result of the injury up to the time of the trial.

*Appeal from Lyon District Court.*— Hon. Geo. W. Wakefield, Judge.

Thursday, February 8, 1906.

Action to recover damages for personal injuries resulting from an accident due to a defect in a sidewalk. Verdict and judgment for plaintiff for $750. Defendant appeals.— *Affirmed.*

*E. Y. Greenleaf,* for appellant.

*Parsons & Riniker,* for appellee.

Per Curiam.— A judgment for plaintiff in this same action on a former trial was reversed in this court on account of error in an instruction. See *Kircher v. Town of Larchwood,* 120 Iowa, 578. The evidence on the trial in which the present judgment was rendered was substantially the same as that on the former trial, and the errors now relied on are, saving as to one matter, the same as those urged on the other appeal. As we reviewed the whole case at that time, and found no error, it will be unnecessary to reconsider the matters formerly presented.

On this trial a deposition of plaintiff, taken in California since the former trial, was received in evidence, and defendant's objections to certain interrogatories therein were overruled. These objections constitute the only matter to which we find it necessary now to direct special attention. One interrogatory relates to the condition of plaintiff's leg, and the other to the condition of his general health since the former trial. Clearly it was competent for plaintiff to prove the condition, down to the present trial, of his leg, which was broken as the result of the accident; and that is all that is called for by the interrogatory or given in the answer to it. On the former appeal it was held that plaintiff's testimony as to the effect of the injury upon his general health was admissible, it appearing that he had been previously in good health, and the interrogatory and answer now complained of related simply to the question whether, since the former trial, his health had improved. We cannot see that there was any error in the rulings of the court with reference to this question or answer, or that the answer could have been in any way prejudicial to the defendant. Certainly, if plaintiff's health continued to be bad as a result of the injuries up to the time of the second trial, that fact was a proper one to be considered by the jury.

Finding no error in the record, the judgment of the trial court is *affirmed.*