## 33288.   CITY OF MACON *v.* YAUGHN.

DECIDED MARCH 15, 1951. REHEARING DENIED MARCH 28, 1951.

*E. S. Sell Jr., L. Bayne Barfield,* for plaintiff in error.

*Morgan & Gostin,* contra.

WORRILL, J. █ The first and third special grounds of the motion for a new trial complain because the court permitted the introduction in evidence of an excerpt from the Carlisle Table of Mortality over the objection of the defendant, that

neither the pleadings nor the evidence raised any question as to the permanency of the plaintiff's injuries, that there was no evidence that the injuries were permanent, and because the court charged the jury, "First though, gentlemen, I charge you that certain mortality tables have been introduced in evidence and they will be out with you along with the other evidence. You may use these or not, as you see fit. The purpose of the mortality table is to show the expectation in life of the average person of a given age, as determined by the compilers of this table. However, what is the expectancy of this plaintiff is for you to say." This portion of the charge is objected to on the ground that it was confusing to the jury and prejudicial to the movant because it fails to restrict the jury to finding the plaintiff's life expectancy only on condition that they previously find the alleged injuries to be permanent, and further that in connection therewith the court failed to instruct the jury to reduce any recovery for future pain and suffering, in the event they should find the injuries were permanent, to its present cash value.

These grounds of the motion are without merit. While it may be conceded that there was no direct evidence upon the trial that the plaintiff's injuries were permanent, nevertheless, there was evidence which would have authorized the jury to find that the injuries were inflicted on March 9, 1948, and that the plaintiff's pain and suffering had continued up until the date of the trial, on May 11, 1950, and would continue thereafter for an indefinite time. The plaintiff had testified also as to her age, her occupation and work prior to the injury and of her inability to work regularly and at the same work, or to earn the same earnings as before the injury. Such testimony was solely for the jury's consideration in determining the nature and extent of her injuries, and we cannot say that it did not authorize the jury to find that her injuries would be more or less permanent, and to award damages for pain and suffering based on this inference. *Macon Ry. & Light Co.* v. *Streyer*, 123 *Ga.* 279(3) (51 S. E. 342); *Southern Ry. Co.* v. *Petway*, 7 *Ga. App.* 659(1) (67 S. E. 886); *White* v. *Knapp*, 31 *Ga. App.* 344 (7) (120 S. E. 796); *Furney* v. *Tower*, 34 *Ga. App.* 739(2), 742 (131 S. E. 177); *Central of Ga. Ry. Co.* v. *Dumas*, 44 *Ga. App.* 152(14) (160 S. E. 814); *A. & W. P. R. Co.* v. *Hemmings*, 66 *Ga. App.* 881(2) (19 S. E. 2d, 787).

As to the contention with regard to the failure to instruct the jury to reduce any recovery to its present cash value, it need merely be said that such instructions are required only where the pleadings and the evidence raise the question of the loss of future earnings. There was not sufficient competent evidence in this case to authorize an award of damages based on that element, and construing the verdict in the light most favorable to uphold it, it must be construed as one for pain and suffering only, past, present and future, and the measure of damages in such a case is merely the enlightened consciences of impartial jurors. In this respect, the verdict for $2000 was authorized by the evidence.

For these same reasons the charge mentioning and calling the jury's attention to the mortality tables was not error. The court did not in fact charge on the mortality tables and their use, but merely adverted to them in passing, and told the jury that they might use them or not, as they saw fit in calculating the damages. Shortly thereafter the court charged the jury that the plaintiff contends that her injuries were permanent and that she would suffer pain by reason of the injury throughout her lifetime and that the jury might look to the evidence and see if she has suffered pain as she contends and whether this pain is of a permanent nature. We think that in the absence of a timely written request for a further and more explicit charge on the subject, that the charge as given was sufficiently clear, and that 'the jury understood that the burden was on the plaintiff to show by a preponderance of the evidence that she suffered a permanent injury or impairment, such as would authorize the computation of damages based on her expectancy. Certainly we cannot say that, in awarding damages for pain and suffering the jury is not authorized to take into account how long the plaintiff will live and continue to suffer, and modify its award in accordance with the plaintiff's expectancy. For these reasons the trial court did not err in overruling the first and third special grounds of the motion for a new trial.

■ The second special ground alleges error because the court refused to permit the introduction of the following evidence by a witness for the defendant. "Q. How does the frequency of your working of the streets compare with the frequency with

which other cities in this vicinity work theirs?" A. "The City of Macon scrapes its streets as often or oftener than other communities similarly situated." Assuming that evidence of what other cities similarly situated do in maintaining their streets was properly admissible to illustrate the question of a general custom and thus show the absence of negligence on the part of the defendant, in that the defendant had conformed to this custom, the answer which the witness for the plaintiff in error proposed to give, was clearly a mere conclusion on the part of the witness which was not admissible and was wholly without probative value. Furthermore, it invaded the province of the jury, in that it was for the jury to say from *facts* testified to, whether or not the city conformed to a custom, or whether or not the custom, if established, was universal or whether it was one by other cities in fact similarly situated to the City of Macon, and whether, the defendant, having conformed, in fact, to the custom, was nevertheless negligent.

In order to show negligence or the lack of it by conforming to a custom, it must be shown that the custom was universal among all persons or parties similarly situated. *American Ins. Co. v. Keene,* 61 *Ga. App.* 754 (7 S. E. 2d, 427). This is a question of fact for the jury. The witness here did not attempt to qualify as and testify as an expert who had studied cities similarly situated to Macon in size, wealth, number of dirt streets, etc., and who knew that the manner of upkeep used by the City of Macon on its streets was similar to that used by other cities similarly situated. The evidence here sought to be introduced was not admissible, and the trial court did not err in refusing to permit its introduction.

■ The evidence authorized the verdict for the plaintiff, and no error of law appearing, the trial court did not err in overruling the motion for a new trial on the general grounds.

*Judgment affirmed.  Sutton, C.J., and Felton, J., concur.*