FABISINSKI, L. L., Associate Judge.
Judgment was rendered against the appellant in an action arising out of a collision in which his automobile was involved. The sufficiency of the evidence to support the verdict upon which the judgment was based is assigned as error. The evidence in respect to liability was conflicting, and was resolved by the jury against the appellant. There is no lack of evidence as to any essential element of the cause of action which would justify us in substituting our judgment for that of the jury.
Error is also assigned challenging the verdict upon the ground that the award was so disproportionately large as to shock the conscience and to indicate that the jury was influenced by matters outside the evidence. Since we reverse the case for a new trial as to damages alone upon other grounds, we express no opinion as to the merits of this contention.
In giving instructions to the jury as to the measure of damages, the Court, over the objections of counsel for appellant, included in such instructions the customary rule for their guidance in the event the jury should determine that appellee had suffered injuries permanent in nature. During the taking of the evidence, also over objection, the Court permitted the introduction of mortality tables.
Appellant urges here, as he did in the Court below, that there was no predicate in the evidence to warrant the instructions, or to allow the mortality tables in evidence, since there was no medical or other evidence which would raise a reasonable probability that permanent injury existed or would ensue. With these contentions we are compelled to agree.
It will serve no useful purpose to relate in detail the evidence relating to the probability of future aggravation of the injury and of consequent continued pain and suffering. What evidence there was indicated only a speculative possibility that rheumatism or arthritis might develop in the left knee.
We have not overlooked the testimony of appellee that at the time of trial, he was conscious of pain at the injured joint, and that the jury might properly have inferred that such pain might continue for some limited time in the future, but we are convinced that the record does not contain evidence which would justify the jury in finding that it was “reasonably certain” that such injury was in any wise permanent in nature, or that it would become aggravated, or that pain and suffering would continue indefinitely.
For the error in admission of the mortality tables in evidence, and the giving by the Court of instructions as to the measure of damages for injuries permanent in nature, the cause is reversed and remanded for a new trial on the issue of damages only. It is affirmed on the issue of liability.
STURGIS, C. J., and WIGGINTON, ]., concur.