HOWARD RUUD, appellee, v. THEODORE L. GRIMM, defendant-appellant, and WAYNE L. STRAWN, defendant.

No. 50326.

(Reported in 110 N.W.2d 321)

AUGUST 15, 1961.

Ross H. Sidney, of Des Moines, for appellant.

Duffield & Pinegar, of Des Moines, for appellee.

THORNTON, J.—This action involves two consecutive rear-end automobile collisions. The jury returned a verdict for plaintiff against defendant Grimm involved in the first collision, but not against defendant Strawn involved in the second

collision. The appellant, Grimm, will be referred to as appellant, defendant Strawn as the second defendant.

Appellant urges four grounds for reversal: (1) That the evidence as to the cause of the injury is uncertain and is insufficient to show his negligence was the proximate cause of the injury; (2) that plaintiff's pleading and evidence do not support the submission of the case to the jury as against either defendant individually; (3) that it was error to submit to the jury the doctrine of res ipsa loquitur; and (4) it was error to permit the introduction of mortality tables. We hold reversible error does not appear in any of these respects.

From the evidence the jury was entitled to find the two collisions occurred about 7:45 a.m. May 5, 1958, on Highway No. 69 south of the intersecting road leading west to the John Deere Plant at Ankeny; plaintiff was driving his 1954 Ford north toward Ankeny toward the Deere plant; plaintiff stopped his car in a line of traffic on Highway No. 69 and was waiting for traffic so he could make a left turn; plaintiff was stopped for about a minute to a minute and one half when his car was struck in the rear by appellant; as a result of this first collision both plaintiff and appellant were rendered unconscious; neither recalled the second collision; in from one to three seconds the second defendant struck the rear of appellant's car, forcing it forward; the front of appellant's car was jammed under the rear of plaintiff's car and it was necessary to pull them apart with a wrecker; the front seat in plaintiff's car was broken on the driver's side; the damage to the rear of plaintiff's car and the front of appellant's car was much more severe than that to the rear of appellant's car and the front of the second defendant's car; there were no skid marks made by appellant's car and from 70 to 90 feet of skid marks made by the second defendant's car; plaintiff was rendered unconscious, suffered a fractured rib and severe whiplash injury and will suffer therefrom for an indefinite future period.

The evidence as to the collisions and resulting injury is such the jury would have been entitled to find that injury was caused by the first collision, or by the second collision, or as the result of both.

1270

■ I. In his argument the appellant's first two propositions are interwoven. He is actually contending plaintiff pleaded and proved a joint tort and if plaintiff is to recover he must prevail against both defendants or fail, and the evidence is such it cannot be determined which collision is the proximate cause and therefore the judgment against him cannot stand.

The petition is in two counts. In Count I, in which plaintiff relies on res ipsa loquitur, he alleges appellant ran into the rear of plaintiff's car and thereafter the second defendant drove his car into the rear of appellant's car causing such car to slam into the rear of plaintiff's car, and at the time and place set forth, the defendants, and each of them, were not in the exercise of due care in the use and management of the cars under their exclusive care and control and that by reason thereof defendants, and each of them, were negligent. In Count II plaintiff alleges, at the time and place set forth, the defendants, and each of them, were negligent as to lookout, control and assured clear distance. In each count plaintiff pleaded his damages were proximately caused by the negligence of the defendants and each of them; and prayed for a judgment against the defendants and each of them. The petition was in no way attacked by either defendant. We believe the fair import of the petition, as it stood, is, the use of the word "defendants" refers to a joint liability and asks a joint judgment, the use of the words "and each of them" refers to several liability and asks a several judgment. The appellant, the first defendant, does not cite authority to the effect the pleading restricts plaintiff to a joint recovery only and we have found none.

■ A doubtful pleading is resolved against the pleader when attacked before issue is joined or in the answer. Thereafter, it will be liberally construed to effectuate justice between the parties. The pleader will be accorded the advantage of every reasonable intendment, even to implications, regardless of technical objections or informalities. Reed v. Harvey, 253 Iowa —, 110 N.W.2d 442. Rule 67, Rules of Civil Procedure. As having some bearing see rules 22, 24(a) and 221, Rules of Civil Procedure; Freeby v. Town of Sibley, 183 Iowa 827, 167 N.W. 770;

and Way v. Waterloo, Cedar Falls & Northern R. R., 239 Iowa 244, 29 N.W.2d 867, 174 A. L. R. 723.

II. The appellant's contentions, that the evidence was such it could not be determined which collision caused the injury, and plaintiff's proof was directed solely to obtaining a joint judgment, are answered by the nature of the evidence. Plaintiff made no attempt to separate or attribute any portion of his injury and damage. From the damage to the cars and the skid marks there is ample evidence to sustain the jury's verdict against appellant. In reaching this verdict the jury had to find appellant's negligence was the proximate cause of plaintiff's injury. Actually what happened was plaintiff produced evidence persuading the jury as against the appellant and failed as against the second defendant. See Fitzgerald v. Des Moines City Ry. Co., 201 Iowa 1302, 1310, 207 N.W. 602.

Appellant argues that the fact situation here does not fit that in McDonald v. Robinson, 207 Iowa 1293, 224 N.W. 820, 62 A. L. R. 1419, and Law v. Hemmingsen, 249 Iowa 820, 826, 89 N.W.2d 386, 391, wherein it is stated, "That each person whose negligence concurs or combines to cause injury to another is liable therefor is so well settled citation of authority is hardly necessary." He argues that in these cases the negligence of each occurs causing one collision resulting in the injury and there is no question as to the cause of the injury. He contends the rule here applicable is expressed in Bowman v. Humphrey, 132 Iowa 234, 240, 109 N.W. 714, 716, 6 L. R. A., N. S., 1111, 11 Ann. Cas. 131, a nuisance case wherein it was held the doctrine of contributory negligence had no application to the type of nuisance case under consideration and in the course of the opinion it is said:

"Joint liability of wrongdoers, each for all and all for each, exists only where the wrong itself is joint. If the separate wrongful acts of two or more persons, acting independently without concert, plan, or agreement, unite to cause injury to another, such persons are not joint wrongdoers within the meaning of the law, and each is liable to the injured party for only so much of said injury as is chargeable to his own and separate individual act."

This rule has no application to an automobile negligence action. In the McDonald and Law cases, supra, it is pointed out the negligence of two or more need only concur or combine and it is not necessary to liability that such persons act in concert or according to plan or agreement.

Appellant further contends that the occurrence must be such that the injury would not of happened except for the concurrence of negligent acts if the defendants are to be held jointly and severally liable as in McDonald and Law, and when there is not such concurrence and there is a dispute, as here, as to which collision caused the damage, plaintiff must make a showing to divide the injury as between defendants, show the damage done by each, to make a case for the jury.

We believe the answer to all of appellant's contentions and the correct rule of liability in consecutive collision cases is expressed in the following cases: Maddux v. Donaldson, 362 Mich. 425, 108 N.W.2d 33, 37, and citations; Reed v. Mai, 171 Kan. 169, 231 P.2d 227; Murphy v. Taxicabs of Louisville, Inc., Ky., 330 S.W.2d 395, 397, 398; and Phillips Petroleum Co. v. Hardee (1951), 5 Cir., 189 F.2d 205, 212. The rule is, where two or more persons acting independently are guilty of consecutive acts of negligence closely related in point of time, and cause damage to another under circumstances where the damage is indivisible, i.e., it is not reasonably possible to make a division of the damage caused by the separate acts of negligence, the negligent actors are jointly and severally liable. The damage is indivisible when the triers of fact decide that they cannot make a division or apportionment thereof among the negligent actors. Restatement, Torts, Volume 4, section 879; and 38 Am. Jur., Negligence, section 257, pages 946, 947.

III. Appellant contends it was error to submit the case to the jury on the theory of res ipsa loquitur. It is a rule of evidence permitting an inference of negligence allowing the plaintiff to make a case for the jury and shifts the burden of explanation to the defendant when the evidence produced by plaintiff shows defendant was in exclusive control of the instrumentality causing the injury, and the occurrence is such as ordinarily would not have occurred in the absence of negligence.

Harvey v. Borg, 218 Iowa 1228, 1230–1232, 257 N.W. 190; Edwards v. Des Moines Transit Co., 251 Iowa 163, 99 N.W.2d 920; Shinofield v. Curtis, 245 Iowa 1352, 66 N.W.2d 465, 50 A. L. R.2d 964; and Eaves v. City of Ottumwa, 240 Iowa 956, 38 N.W.2d 761, 11 A. L. R.2d 1164. Where the precise cause of the injury clearly appears the rule is inapplicable. Eaves v. City of Ottumwa, supra. And it is applied sparingly as a matter of necessity to effectuate justice. Edwards v. Des Moines Transit Co., 251 Iowa 163, 165, 99 N.W.2d 920; and Shinofield v. Curtis, 245 Iowa 1352, 1361, 66 N.W.2d 465, 50 A. L. R.2d 964.

 . Appellant concedes because of our holding in Harvey v. Borg, 218 Iowa 1228, 257 N.W. 190, res ipsa loquitur may be applicable to a portion of the proven facts. He argues lack of exclusive control and that plaintiff knew the precise cause and therefore the doctrine was liberally applied.

There is no question but appellant was in exclusive control of his own car and had no control of the other vehicles. However, plaintiff's vehicle was stopped (or the jury could so find, the applicability of the rule is made as of the close of the plaintiff's evidence and is determined by the findings the jury could properly make), it and the cars ahead of it were in plain view of appellant while he traveled three quarters of a mile, and as before pointed out the evidence of damage to the cars and skid marks was such as to allow the jury to find the first collision caused plaintiff's injury. Therefore, the jury could find appellant was in exclusive control of the instrument, his car, causing the damage. Whether they so found or found against appellant separately on Count II on specific acts of negligence we do not know. But we do know the jury did not find against the appellant and the second defendant on the theory of joint negligence, and the submission of the case on the theory of res ipsa loquitur as against both jointly, whether proper or improper, is without prejudice to appellant.

Because plaintiff testified he saw appellant's car coming just before the impact and because he put the second defendant on the stand to testify as to the movements of appellant and his car, appellant contends plaintiff knew the precise cause of the injury. This is incorrect. A person may see the brick falling

from the building wall a fraction of a second before it hits him, but this would not advise him of the negligent act causing the brick to fall. It is true, driving an automobile into another in plain sight is evidence of negligence. It is evidence of improper lookout, lack of control, speed, and perhaps faulty brakes, and undoubtedly other specific acts of negligence. But there is nothing in the evidence that points to which of these caused appellant to drive into the rear of plaintiff's car. Until the jury has spoken it is not known what act caused the collision. See Eaves v. City of Ottumwa, 240 Iowa 956, 968, 38 N.W.2d 761, 11 A. L. R.2d 1164, for comment relative to pleading specific and general negligence as a basis for res ipsa loquitur. It is not clear, in the required sense, precisely what caused the collision. It follows that the rule was applied to effectuate justice. The car causing the collision was in the exclusive control of appellant. The occurrence was such that it would not have ordinarily occurred in the absence of negligence. In Harvey v. Borg, 218 Iowa 1228, 257 N.W. 190, this court held the doctrine of res ipsa loquitur applicable where a truck struck a slow-moving car in plain view from the rear. We said at page 1231 of 218 Iowa, page 192 of 257 N.W.:

"* * * it is clear in the present instance that what occurred was so out of the ordinary and of such a character as not reasonably to be anticipated or likely to happen as to lead to but one inference, and that is that the truck was operated in a negligent manner."

When these elements of control and the nature of the occurrence satisfy the rule and the evidence is such that it is a jury question as to the precise cause, to deny the submission of the case is to abrogate the theory entirely. The plaintiff has the right to go to the jury under such circumstances.

The fact that plaintiff also attempted to prove his case in Count II by specific acts of negligence does not make the cause clear. He may fail entirely on such proof. See Eaves v. City of Ottumwa, supra.

For other authorities holding res ipsa loquitur applicable in rear-end collision cases see, Blashfield's Automobile Law and Practice, Volume 9B, section 6045, page 450; Talbot v. Allstate

Insurance Co., La. App., 76 So.2d 76; and Steadman v. American Fidelity & Casualty Co., La. App., 113 So.2d 489.

IV. Plaintiff's physician testified plaintiff would continue to have difficulty, tension and headaches, as a result of the whiplash injury for an indefinite period of time in the future. He also testified that scar tissue formed in the area of the injury was generally permanent, its effect on plaintiff in the future was not shown. There was no other evidence of permanent injury. Plaintiff introduced in evidence mortality tables showing his life expectancy. Appellant's objection at the time plaintiff introduced the tables is not shown in the record. At the close of the evidence appellant moved to strike this evidence because there was no evidence of permanent injury. The court overruled the motion as not being timely and because of the physician's testimony. Plaintiff made use of the tables in final argument to point out the length of time plaintiff would suffer a loss of earnings and pain and suffering. In the course of his argument plaintiff's counsel did state, "I assume the indefinite future certainly ends at the time of the demise * * *." Appellant did not object to the argument on the theory he was bowing to the ruling of the court. The court did not mention the mortality tables in the instructions. Appellant contends it was prejudicial error to permit the introduction of plaintiff's life expectancy from the table and not to strike the testimony. He does not complain of the size of the verdict and in the record states it is not in issue. It is difficult to understand how there can be any prejudice to the appellant because of such evidence unless it is in the size of the verdict.

The purpose of such testimony is to serve as a guide to the jury in determining the probable length of plaintiff's life. It would seem therefore wherever knowledge of the length of plaintiff's life would assist the jury such evidence should be admissible. For our purpose we will view the testimony of the physician as stating only that plaintiff will suffer from the injury for an indefinite time in the future. The permanency of the scar tissue will be disregarded. The testimony so viewed is clear.

There is no question evidence of plaintiff's life expectancy is admissible when the evidence shows the injury is

permanent. Swegle v. Chicago, B. & Q. R. Co., 196 Iowa 413, 423, 192 N.W. 894. And there are statements that indicate that in the absence of evidence of permanency the life expectancy of plaintiff is inadmissible. Bracy v. Great Northern Railway Co., Mont., 343 P.2d 848; Dominguez v. Albuquerque Bus Co., 58 N. M. 562, 273 P.2d 756, 50 A. L. R.2d 414; and annotation, 50 A. L. R.2d 419. It is stated in the annotation at page 421 of 50 A. L. R.2d that it appears to be the unanimous view that the admissibility of mortality tables is dependent upon proof the injury was permanent. An examination of the cases considered by the annotation discloses only two that touch on the question where the evidence is only that plaintiff will suffer for an indefinite period of time in the future. They are, L'Esperance v. Sherburne, 85 N. H. 103, 155 A. 203 (1931), and Kircher v. Incorporated Town of Larchwood, 120 Iowa 578, 95 N.W. 184 (1903). Both cases are briefed at page 433 of 50 A. L. R.2d. In L'Esperance the physician testified he was unable to fix any time when the trouble would disappear. The court there held the tables should not have been admitted, commenting that uncertainty when it would disappear did not equal probability that it would not disappear. This case sustains appellant's position. However, the Iowa case does not. In Kircher v. Incorporated Town of Larchwood, 120 Iowa 578, 582, 583, 95 N.W. 184, 186, plaintiff offered in evidence the American Life Tables showing his expectancy. The offer was objected to because there was no evidence of permanency. Counsel for plaintiff then stated no such claim was made, that evidence did disclose that the disability of plaintiff would continue for some time yet to come, and the table was offered for the sole purpose of proving that he would probably live beyond such period of disability. The trial court overruled the objection and admitted the evidence. This court said, "Of this, considered by itself, we think defendant has no reasonable grounds for complaint."

In City of Macon v. Yaughn, 83 Ga. App. 610, 64 S.E.2d 369, a case decided by the Court of Appeals of Georgia, Division No. 1, where the objection to an instruction submitting mortality tables was that it failed to restrict the jury in finding plaintiff's life expectancy only on condition they find the injuries to be

permanent, the court held, that testimony showing plaintiff's pain and suffering continued to the date of trial and would continue thereafter for an indefinite time authorized the jury to find the injuries were more or less permanent and that the objection was without merit.

In Stores v. Hussey, Fla., 100 So.2d 649, 650, decided by the District Court of Appeal of Florida, First District, it was held error to admit mortality tables under the evidence presented. The court said: "* * * we are convinced that the record does not contain evidence which would justify the jury in finding that it was *'reasonably certain'* that such injury was in any wise permanent in nature, or that it would become aggravated, or *that pain and suffering would continue indefinitely."* (Emphasis added.)

The admission of the mortality tables under this record was not error. The testimony of the physician was clear and certain that the pain and suffering would continue for an indefinite period of time. Plaintiff is entitled to damages for that period whatever it may be. Evidence of plaintiff's life expectancy would show the limit of the period and would undoubtedly point to a lesser period. It would be as helpful to the jury in this instance as in cases of permanent injury. In each case the jury has to determine the length of time for which plaintiff should be compensated. His remaining life span has a bearing on that question.—Affirmed.

GARFIELD, C. J., and BLISS, HAYS, OLIVER, PETERSON, and SNELL, JJ., concur.

THOMPSON, J., concurring specially.

LARSON, J., joins in special concurrence.

THOMPSON, J. (concurring specially)—I concur in the majority opinion. I concur in Division III, however, only because the question of res ipsa loquitur there discussed has been decided by us in Harvey v. Borg, 218 Iowa 1228, 257 N.W. 190. I have serious doubts as to the soundness of the rule in the cited case, but agree the majority decision is correct unless Harvey v. Borg is to be overruled.

We pointed out in Shinofield v. Curtis, 245 Iowa 1352, 1360, 1361, 66 N.W.2d 465, 470, 50 A. L. R.2d 964, that the "Existence of circumstantial evidence of negligence in a particular case does not mean the res ipsa doctrine is applicable in that case"; also that it depends upon the common experience of men "and not at all on evidence in the particular case that tends * * * to show such occurrence was in fact the result of negligence."

In the instant case there is ample evidence the collision was caused by failure to keep a proper lookout, or violation of the assured-clear-distance-ahead rule, or perhaps lack of control. I am unable to believe the "common experience of men" tells us a rear-end collision does not occur without some negligence of the driver of the rear vehicle. It might as well be caused by the front car stopping too suddenly, without a signal or other warning. True, there was evidence here that plaintiff's car had been stopped for some time before it was struck; but this merely supports evidence of specific negligences of the defendant. It was circumstantial evidence of negligence.

Only the rule of stare decisis impels me to concur in Division III above referred to.