MICHAEL D. MICKELSON, appellant, v. DAVID FORNEY et al.,
appellees.

No. 52046.

JUNE 14, 1966.

Hutchison, Hurst & Duggan, of Sioux City, and Floyd E. Page, of Denison, for appellant.

Edward S. White, of Carroll, for appellees.

STUART, J.—Plaintiff brought this action to recover damages for injuries to his person and property alleged to have resulted from a two-car collision. Defendant Arlo Forney, owner of the car driven by his son David, the other defendant, filed a counterclaim. The case was submitted to the jury which returned a verdict for defendants on plaintiff's claim and for plaintiff on defendant's counterclaim. Plaintiff has appealed.

The collision occurred February 17, 1964, at 4:30 p. m., on an unnumbered county road running north and south in Ida County. It was a clear day and the road was dry. Plaintiff, driving his pickup in an easterly direction on a farm lane, entered the county road, turned to his right and proceeded in a southerly direction. The pickup was struck from the rear by a 1963 Rambler owned by defendant Arlo Forney and driven with his consent by his son, David. Visibility for both vehicles was limited by the crest of a hill 300 to 350 feet north of the farm lane. About 100 feet south of the lane, the road narrowed to a 16-foot bridge. After the pickup was struck, it went off the right-hand or west side of the road, across a gully and hit a tree. The material facts in dispute were whether the Rambler was over the hill and in sight of the pickup when it entered the highway, whether the pickup was in the center of the road or on its right side at the time of the collision, and how far

south of the lane the collision occurred. (Plaintiff—65' to 70') (Defendant—18')

■■ I. Plaintiff claims the trial court erred in refusing to submit to the jury the count of his petition based on the doctrine of res ipsa loquitur. This is a rule of evidence under which an inference of negligence is permissible when an injury is caused by an instrumentality under the exclusive control of defendant and the occurrence is such as, in the ordinary course of things, would not happen if reasonable care had been used in the operation of such instrumentality. It is of limited scope, ordinarily to be applied sparingly and with caution and only where the facts and demands of justice make its application essential. Dorcas v. Aikman, 259 Iowa 63, 143 N.W.2d 396, and cases cited therein.

■ In Dorcas, plaintiff sought to apply res ipsa to a situation in which her deceased was struck from the rear when he was making a turn to the right off of the highway without signaling. We affirmed the trial court's refusal to submit the case to the jury on that theory. We feel the case is analogous to the case at bar and hold the trial court was correct here in refusing to submit this case to the jury on res ipsa loquitur.

The driving of an automobile into the rear of another under these circumstances is evidence of excessive speed, lack of control, failure to keep a proper lookout and other acts of negligence which were submitted to the jury. Ruud v. Grimm, 252 Iowa 1266, 110 N.W.2d 321, 325. However, this does not mean the circumstances are such that the res ipsa doctrine is applicable.

■■ "The res ipsa rule should not be confused with the proposition that negligence, like other facts, may be proven by circumstantial evidence. Existence of circumstantial evidence of negligence in a particular case does not mean the res ipsa doctrine is applicable in that case. In considering the applicability of res ipsa loquitur, the question whether the particular occurrence is such as would not happen if reasonable care had been used rests on common experience and not at all on evidence in the particular case that tends in itself to show such occurrence was in fact the result of negligence. Eaves v. City of Ottumwa, supra, and citations at page 970 of 240 Iowa, page

769 of 38 N.W.2d." Shinofield v. Curtis, 245 Iowa 1352, 1360, 66 N.W.2d 465, 470, 50 A. L. R.2d 964.

In Dorcas v. Aikman, supra, we quote with approval from 38 Am. Jur., Negligence, section 300, page 997: "The doctrine does not apply where the agency causing the accident was not under the sole and exclusive control of the person sought to be charged with the injury. If it appears that two or more instrumentalities, only one of which was under defendant's control, contributed to or may have contributed to the injury the doctrine cannot be invoked."

In none of the limited number of Iowa automobile cases in which the doctrine has been applied has there been any evidence which would indicate conduct of the plaintiff may have been a contributing factor. Schneider v. Swaney Motor Car Co., 257 Iowa 1177, 136 N.W.2d 338; Ruud v. Grimm, 252 Iowa 1266, 110 N.W.2d 321; Gilbrech v. Kloberdanz, 252 Iowa 509, 107 N.W.2d 574; John Rooff & Sons, Inc. v. Winterbottom, 249 Iowa 122, 86 N.W.2d 131; Savery v. Kist, 234 Iowa 98, 11 N.W.2d 23; Harvey v. Borg, 218 Iowa 1228, 257 N.W. 190.

In Schneider v. Swaney Motor Car Co., supra, plaintiff was struck from behind "while stopped for a traffic light". In Ruud v. Grimm, supra, plaintiff had been stopped for a minute to a minute and one-half waiting for traffic so he could make a left-hand turn when he was struck from behind. In Savery v. Kist, supra, an unattended truck ran down hill and damaged a building. In Harvey v. Borg, supra, plaintiff was driving at a speed of 18 to 20 miles per hour on a wide street with no traffic and an unobstructed view when struck from behind.

We refused to apply the doctrine under the facts in Shinofield v. Curtis, 245 Iowa 1352, 1361, 66 N.W. 2d 465, 470, 50 A. L. R.2d 964, when a truck from which deceased had alighted apparently ran over her. We said: " * * * evidence which may show negligence in this particular case is not to be considered in determining the presence of this second foundation fact. [Occurrence, in the ordinary course of things, would not happen if due care had been used.] The question is to be determined from common experience."

Common experience tells us that when an automobile is changing its position on the highway, either by turning off

or coming onto the highway, the conduct of the operator of that car is often a contributing cause to the collision. At least a collision occurring under such circumstances is not such that one can say it would not ordinarily happen but for the negligence of defendant.

Language in Shinofield, while dealing with pedestrians, illustrates the reason we believe res ipsa is not applicable here.

"There are of course countless occurrences in which a pedestrian or person standing in part of a street devoted to vehicular traffic is struck and injured by a motor vehicle. In the ordinary course of things many such injuries are doubtless caused by the motorist's negligence. Perhaps there are more occurrences of this kind where the injured person is ordinarily at least partly to blame. We think there are many such occurrences, especially at night, in which the motorist is not ordinarily negligent. * * *

"We fear plaintiff's counsel have mistakenly assumed that because in this particular case there is evidence defendant, who was in control of his truck, negligently caused the injury, res ipsa loquitur applies. We have tried to explain this does not follow." Page 1362, 245 Iowa, page 471, 66 N.W.2d.

No cases have been cited in which res ipsa loquitur has been applied under similar facts and we do not believe it should be.

■ II. Appellant contends there is evidence David Forney, who is restricted to driving with glasses, was not wearing them at the time of the accident and this issue should have been submitted to the jury under proper instruction. We do not agree. The only evidence on this point is that of the passenger in plaintiff's pickup truck. He testified: "I knew this boy before and he always wore glasses and I don't recall him wearing his glasses that day." This is specifically denied by defendant.

The driver was not observed until after the accident which was of such force as to cause substantial damage to both vehicles. The witness had received serious injury and became unconscious shortly after observing the driver. To submit this issue to the jury under these circumstances and on such uncertain testimony would permit them to speculate improperly on

this issue. The fact that a person did not have on glasses after a serious automobile accident is in and of itself no proof he did not have them on at the time of the collision.

Appellant did not allege David Forney was negligent in driving without his glasses and the court could not. properly have submitted this charge as a specification of negligence even if supported by the evidence. Perry v. Eblen, 250 Iowa 1338, 1346, 98 N.W.2d 832, and cases cited therein.

III. Appellant contends no proper foundation was laid for the admission of the opinions of the highway patrolman and sheriff as to the point of impact. The patrolman testified he had received accident investigation training and at the date of this accident had investigated about 150 accidents. He said:

"There were marks leading from approximately the center of the road off south to the south and west side of the roadway and at the bottom of the gorge and in the direction of the marks was the pickup. We connected these marks with the pickup. At the beginning of these marks were two kind of dish marks or gouge marks or scuff marks in the road which appeared to have come from rear tires of the pickup.

"These scuff marks extended from the driveway 91 feet south to where the left front tire went off the highway. From the scuff marks or gouges and tracks, I have an opinion as to where the point of impact was between the two vehicles. And I determined that as 18 feet south of the driveway and the right rear tire was eight feet from the west edge of the road.

"Q. Well, then, in other words, at the time of this collision the Mickelson truck was right in the center of the road and only 18 feet south of his driveway? A. Yes, sir, that is the way it was."

The sheriff testified he had investigated 40 to 60 accidents a year for four and one-half years and that he and the patrolman investigated the facts of the accident and took measurements. He substantiated the gouge marks and tracks and testified as follows concerning the point of impact.

"From the south line of the driveway to the gouge marks was 18 feet and they were eight feet from the west side of the road. And the road just south of the bridge was 18 feet wide and continued at that width up to the driveway.

"The collision occurred at the gouge marks which was 18 feet south and four feet west of Mr. Mickelson's driveway.

"In my opinion the Mickelson vehicle would have been in the center of the road."

A witness for plaintiff had testified he saw taillight and headlight glass on the west side of the road about halfway between the bridge and driveway, which would place the point of impact farther south than the testimony of the officers. The patrolman did not see any debris. The sheriff did not testify as to debris.

██ The trial court has considerable discretion in the admissibility of expert testimony. Long v. Gilchrist, 251 Iowa 1294, 105 N.W.2d 82, 84, and cases cited therein. He did not abuse that discretion in permitting the investigating officers to express their opinion of the point of impact. In addition to the gouge marks, there were tracks running from these marks off the edge of the road in the direction of the pickup. Discrepancies between the testimony of the officers and the conflict with that of plaintiff's witness go to the weight to be given the opinions rather than their admissibility.

██ IV. Appellant also objected to the admission into evidence of Exhibit 13 which was a rough plat of the scene and the measurements made by the sheriff and kept in his notebook. Under voir dire by appellant's attorney, the sheriff testified:

"Mr. Hurst: Sheriff, is that a part of your official record that you keep in connection with all accidents?

"The witness: That is a part, yes. It's somewhat of a hidden record that I keep for my own personal use. We do on all personal injury accidents keep a record, yes.

"It is a part of an official accident report and is used in connection with accidents that we are called on."

The path of the Forney car prior to the accident was indicated on the plat. There was no testimony in this regard. The trial court permitted the sheriff to redraw the plat eliminating this objectionable material. He then overruled an objection that it was part of the official records and not admissible. We agree. It is obvious the sheriff's notes were to aid him in testifying in the event he is called as a witness. They were only

his memorandums and not a part of any official document. The rough sketch showing the measurements as given in his oral testimony was admissible to help the jury better understand the testimony. Anderson v. Elliott, 244 Iowa 670, 57 N.W.2d 792, 797.

Appellant contends the court erred in permitting Exhibit 13 to go to the jury room. He cites Baker v. Zimmerman, 179 Iowa 272, 277, 161 N.W. 479, where we said: "Maps or diagrams shown to be correct representations of physical objects about which testimony is given may be exhibited before the jury to better enable them to understand the testimony, and witnesses may properly be allowed to refer thereto in giving testimony. Ordinarily, such a map or diagram is to be considered merely in connection with the evidence adduced, and whether received in evidence or merely treated as illustrative thereof without formal offer is not important, though it is not a paper to be taken to the jury room on final submission."

The second sentence is dictum because it was held there was no error in the admission of the diagram.

It does not appear any objection was made to Exhibit 13 going to the jury. The only objection was to its admissibility as part of the official records. Appellant has not preserved any right to object now to the fact that the court permitted a properly admitted exhibit to go to the jury room. In any event this also is a matter of the trial court's discretion which was not abused in this instance. See 20 Am. Jur. 1965 Cumulative Supplement, pages 147, 148; Annotation, 9 A. L. R.2d 1076, 1079.

V. Appellant contends the record affirmatively shows his car was on the road when appellee came over the crest of the hill by the driver's own admissions. We do not agree. Driver testified: "* * * when I was half to three quarters of the way down, I noticed a truck coming out of the lane". Appellant's wife testified appellee driver told her: " 'Well, I was coming over the hill and the pickup had pulled out into the road.' " On cross-examination defendant driver testified he did not know whether he told her that or not.

A fact issue was raised. The most that can be said is that the inconsistent statement tends to impeach the driver's testi-

mony. He was nearly hysterical at the time he talked with appellant's wife. It is understandable why he would not recall what he told her. A change of one or two words in the wife's recollection of his statement would entirely change the meaning. The matter was properly before the jury as a fact question.

VI. Appellant contends the trial court unduly emphasized contributory negligence. It was referred to in Instructions Nos. 8, 17, 27 and 28. In Snakenberg v. Minneapolis & St. Louis Ry. Co., 194 Iowa 215, 222, 188 N.W. 935, we said: "This case is one involving the question of negligence and contributory negligence, and of necessity demanded frequent reference to these matters in the instructions. The frequency with which the instructions make reference thereto is not a ground for reversal, if the law in each instance was correctly stated."

In Young v. Blue Line Storage Co., 242 Iowa 125, 133, 44 N.W.2d 391, we said: "Naturally, many of the instructions refer to the same subject and there accordingly must be a frequent reference to the same subject matter. This complaint by the defendant refers to instructions Nos. 5, 9, 12, 15 and 16. The objection does not claim that the law is incorrectly stated, but largely as to the frequency of reference and the alleged undue emphasis given to the negligence on the part of the driver of defendant's truck. We are not satisfied that there was more frequent reference to these matters than was required by the questions discussed."

We are satisfied the instructions here contain correct statements of the law and there was no more frequent reference to contributory negligence than was necessary particularly in an action involving a counterclaim.

VII. Appellant contends the jury verdict was against the preponderance of the evidence and that plaintiff's case was prejudiced by the manner in which the trial court treated the case and the many errors which occurred. We have held there were no errors. It is not for us to say whether the verdict was against the preponderance of the evidence, if it is supported by substantial evidence. Mineke v. Fox, 256 Iowa 256, 126 N.W.2d 918, 919; Miller v. King, 240 Iowa 1336, 1338, 39 N.W.2d 307. There was conflicting evidence here and ap-

parently the jury decided both parties were guilty of negligence and refused recovery to either.

The case is affirmed.—Affirmed.

All JUSTICES concur except RAWLINGS, J., who takes no part.